IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL BOHANNAN | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO.  1:20-CV-252 |
| | | JUDGE MICHAEL J. TRUNCALE |
| BRYAN WILLIAMS, *et al.*, | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Michael Bohannan, an inmate currently confined at the Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple Defendants.

<u>Discussion</u>

This case was originally filed on June 1, 2020, in the Tyler Division of the Eastern District of Texas in Civil Action No. 6:20-CV-293.   Plaintiff sued multiple Defendants relating to his conditions of confinement while at the Michael, Telford and Stiles Units.  *Id*.  As several of the Defendants did not reside within the Eastern District of Texas, Tyler Division, Magistrate Judge K. Nicole Mitchell then entered four Orders of Partial Severance on June 8, 2020. [Dkts. 4-7]. Plaintiff's claims against Defendants Bryan Williams, Anthony Newton, Kevin Smith, Michael Woods, and Charles Rowry, all Defendants employed by the Texas Department of Criminal Justice at the Mark Stiles Unit, were severed into the above-referenced civil rights action. [Dkt. 4].

On June 1, 2022, the magistrate judge to whom this case was referred, entered an order lifting the stay in this case and instructed Plaintiff to file an amended complaint. [Dkt. 47]. Plaintiff filed Objections and sought reconsideration pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). [Dkt. 50].  Finding the objections lacking in merit, a Memorandum Opinion and Order denying the Motion for Reconsideration was entered June 30, 2022. [Dkt. 51].  The Memorandum Opinion and Order instructed Plaintiff to file his amended complaint no later than July 15, 2022, and stated the following:

> As instructed by the magistrate judge, Plaintiff should limit his Amended Complaint to his claims against Defendant Brian Williams, Anthony Newton, Kevin Smith, Michael Woods, and Charles Rowry as they relate to his legal claims under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Texas Religious Freedom and Restoration Act

("TRFRA"), The Americans with Disabilities Act ("ADA"), and Texas small claims statutes.

Memorandum Opinion and Order. [Dkt. 51].

Plaintiff sought an extension which was granted, ultimately filing his First Amended Complaint on August 15, 2022. [Dkt. 54]. The Defendants filed a Motion to Strike the Amended Complaint as it was not in compliance with the June 30, 2022, Memorandum Opinion and Order. [Dkt. 55]. Plaintiff also filed a Supplement to the Amended Complaint on September 19, 2022 [Dkt. 56], and a Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction on September 22, 2022. [Dkt. 58]. On October 4, 2022, the magistrate judge entered an order granting the Motion to Strike, in addition to striking the Supplement to Amended Complaint and Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction. [Dkt. 60]. The order gave Plaintiff twenty days to file his amended complaint, outlining the reasons why his August 15, 2022, filing was not in compliance. After giving Plaintiff an extension of time to comply, Plaintiff filed objections to both orders. [Dkts. 64, 66]. Plaintiff insists his amended complaint is in compliance, making no effort to correct the errors repeatedly highlighted for him, and argues the magistrate judge erred in striking his pleadings.

Plaintiff's history of obstructive and dilatory tactics is profuse in this case. Since the inception of this case, Plaintiff has objected in some form or fashion to practically every order entered. This case was stayed for approximately two years at Plaintiff's request. In order to bring this case to disposition, this stay was lifted, yet Plaintiff has now failed to comply with the orders requiring him to amend his petition within the parameters outlined for him.

<u>Analysis</u>

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide nondispositive motions. If a party wishes to object to a magistrate judge's order, he may do so within 14 days and the district court will review the magistrate judge's order under a clearly erroneous or contrary to law standard. Similarly, under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider any pretrial matter under subparagraph (1) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. As the magistrate order requiring Plaintiff to amend his complaint is a nondispositive matter, the appropriate analysis is under Rule 72(a) and

28 U.S.C. § 636(b)(1)(A).[1] Having examined the allegations in Plaintiff's objections and the file in this action, the Court finds no support for Plaintiff's Motion for Reconsideration.   Both the magistrate judge and this Court have outlined the requirements for Plaintiff to file his amended petition.   Plaintiff has been admonished repeatedly that his failure to comply with the orders may result in dismissal of this case for want of prosecution, yet Plaintiff persists in his obstruction and delay in the prosecution of this case. [Dkts. 51, 60, 62].   Plaintiff's Supplement to the Amended Complaint and Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction [Dkts. 56, 58] were similarly struck as they were additional pleadings outside the amended petition ordered to be filed on June 30, 2022, October 4, 2022 and October 19, 2022. [Dkts. 51, 60, 62]. Rather than take the opportunity to re-file his amended petition in compliance with the orders outlined above, and seek leave to file additional pleadings, Plaintiff continues to obfuscate.   The Court notes this similar tactic by Plaintiff in Civil Action No. 6:20-CV-293 and the appellate record in that case.

The magistrate judge has made every effort to push this case towards disposition, but to no avail. Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order.   *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).   "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."   *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Based on the foregoing, the orders of the magistrate judge [Dkts. 60, 62] are neither clearly erroneous nor contrary to law.   It is therefore ORDERED that Plaintiff's Objections, liberally

---

[1]While Plaintiff argues the magistrate judge's order striking his amended petition is a dispositive ruling, it is, in fact, Plaintiff's refusal to comply with the order that ultimately disposes of this case.

construed as a Motion for Reconsideration [Dkts. 64, 66] are DENIED.  This case is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the orders of this Court and the orders of the magistrate judge.

**SIGNED this 30th day of November, 2022.**

Michael J. Truncale
United States District Judge