IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL BOHANNAN | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-252 |
| BRYAN WILLIAMS, *et al.,* | § | |

MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintif, Michael Bohannan, an inmate currently confined at the Mark Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action against numerous defendants pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12131-12165, and the Texas Religious Freedom and Restoration Act, TEX. CIV. PRAC. & REM. CODE § 110.

The court referred this matter to the Honorable Christine Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends Plaintiff's Application to be Proceed *In Forma Pauperis* on Appeal be denied as lacking in good faith [Dkt. 89].

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge on May 2, 2023, the date Plaintiff certifies he placed the objections in the prison mailing system [Dkt. 93].[1] This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

---

[1] Per the order of the magistrate judge entered April 24, 2023, Plaintiff's objections were due no later than May 1, 2023 [Dkt. 92]. Contemporaneous with his objections, Plaintiff also filed a Motion for Extension of Time to file his objections due to issues with the prison mailing system [Dkt. 93]. The motion is granted and the objections are considered timely.

Plaintiff offers several iterations as to why his Application to Proceed *In Forma Pauperis* on Appeal should not be denied as lacking in good faith.[2] Many of the objections, however, are irrelevant and serve only to detract from core issue that is now ripe for consideration. Namely, is Plaintiff's appeal of the Final Judgment dismissing this case for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) taken in good faith?

As this Court has previously noted, Plaintiff's pleadings in this case, and others, demonstrate Plaintiff has a sound and sophisticated understanding of federal legal procedure and a firm grasp of the facts and legal theories surrounding his claims. Despite this, the record in this case also firmly establishes that Plaintiff has feigned ignorance as to how he should amend his pleadings and outlines his refusal to comply. Between this Court and the magistrate judge, four orders were entered outlining the parameters for Plaintiff to amend his pleadings and warnings that his failure to comply could result in dismissal of his case for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff was given several opportunities to comply, yet rather than attempt to re-file an amended complaint, Plaintiff chose to repeatedly challenge the orders and further delay these proceedings. It bares repeating, Plaintiff's history of obfuscation and delay is established in this record and consistent with conduct described by the Fifth Circuit as contumacious in a related civil action. *Bohannan v. Redic*, No. 20-40860 (5th Cir. Mar. 3, 2023).[3]

Based on the foregoing, this Court can find no error in the ruling of the magistrate judge and specifically certifies that Plaintiff's appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3). Although this court has certified

---

[2] For example, Plaintiff challenges the magistrate judge's determination that he is subject to the PLRA as he is being held under a civil commitment order. Plaintiff also challenges the assessment of an initial partial filing fee as somehow in violation of the Religious Land Use and Institutionalized Persons Act. With respect to the latter, Plaintiff appears to argue that forcing him to take money from his inmate trust fund account to pay for the initial partial filing fee limits his ability to comply with his sincerely held religious beliefs as he has to use his own funds to pay for kosher food.

[3] Currently pending is Plaintiff's Motion for Leave to Petition for Panel Rehearing Out of Time. *Id*. [Dkt. 121]. Plaintiff continues to argue he is not subject to the PLRA as he alleges he is being held under a civil commitment order and does not qualify as a prisoner. The panel specifically found on March 3, 2023, that Plaintiff is now subject to the PLRA as a prisoner.

that the appeal is not taken in good faith, Plaintiff may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within thirty (30) days of this order.  The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal *in forma pauperis*, the prison authorities will be directed to collect the fees as calculated in this order.

## ORDER

Accordingly, Plaintiff objections are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is ADOPTED.  It is, further,

ORDERED that MICHAEL WAYNE BOHANNAN, TDCJ # 01841746 is assessed an initial partial fee of $66.85.  The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, the prisoner shall pay $438.15, the balance of the filing fees, in periodic installments.  The appellant is required to make payments of 20 % of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fees of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915 (b)(2), and forward it to the clerk of the district court.

If Plaintiff moves to proceed on appeal *in forma pauperis*, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.  It is, further,

ORDERED that Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* filed March 14, 2023 [Dkt. 85] s DENIED as MOOT.

**SIGNED this 18th day of May, 2023.**

_____
Michael J. Truncale
United States District Judge